**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | October 15, 2014 | Probation: | Michelle Means |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Tammy Hoffschildt | | |

Criminal Case No:  **12-cr-00045-WYD**              Counsel:

UNITED STATES OF AMERICA,                    Susan "Zeke" Knox

       Plaintiff,

v.

**7.  ELBERT GIFFORD, a/k/a Bear**,              Mark C. Johnson

       Defendant.

**SENTENCING**

**10:02 a.m.**   Court in Session - Defendant present (in-custody)

> **Change of Plea Hearing - Wednesday, April 30, 2014, at 4:00 p.m.
> Plea of Guilty - Count One of Information**

    APPEARANCES OF COUNSEL.

    Court's opening remarks.

10:02 a.m.   Statement on behalf of Probation (Ms. Means).

10:07 a.m.   Statement and argument on behalf of Government (Ms. Knox).

10:11 a.m.   Statement and argument on behalf of Defendant (Mr. Johnson).

10:15 a.m.   Statement and argument on behalf of Government (Ms. Knox).

10:20 a.m.     Statement and argument on behalf of Defendant (Mr. Johnson).

10:26 a.m.     Statement by Defendant on his own behalf (Mr. Gifford).

Court makes findings.

Court **ACCEPTS and RATIFIES** plea agreement pursuant to F.R.Cr.P. 11(c)(1)(C).

**ORDERED:**   Defendant's Motion for the Court to Enter a Recommendation to the Bureau of Prisons That He be Considered for Halfway House Placement When Three Years Is Remaining on His Sentence [ECF Doc. No. 1121], filed September 30, 2014, is **DENIED.**

**ORDERED:**   Government's Motion for Decrease for Acceptance of Responsibility [ECF Doc. No. 1123], filed October 1, 2014, is **GRANTED.**

Order is **APPROVED BY THE COURT.**

**ORDERED:**   Defendant's Motion for Variant Sentence Pursuant to § 3553 (A) Factors [ECF Doc. No. 1120], filed September 30, 2014, is **GRANTED.**

**ORDERED:**   Defendant be **imprisoned** for **120** months.

**Court RECOMMENDS that the Bureau of Prisons place the defendant at the least restrictive facility within the state of Colorado, so that he can be in close proximity to family members.**

**Court STRONGLY RECOMMENDS that the Bureau of Prisons allow the defendant to transition to a community corrections facility 12 months from when he is to be released from prison.**

**ORDERED:**   Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **5** years.

**ORDERED:**   **Conditions** of **Supervised Release** are:

(X)    Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

(X)    Defendant shall not commit another federal, state or local crime.

(X)    Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

|   |   |   |
|---|---|---|
| (X) | | Defendant shall not unlawfully possess a controlled substance. |
| (X) | | Defendant shall comply with standard conditions adopted by the Court. |
| (X) | | The Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and two periodic drug tests thereafter for use of a controlled substance. |
| (X) | | The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer. |

**ORDERED:** **Special Condition(s)** of **Supervised Release** are:

1. The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3. The defendant shall submit his or her person, property, house, residence, papers, or office, to a search conducted by a United States probation officer.  Failure to submit to search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

**ORDERED:**   Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately.

**ORDERED:**   **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED:**   Pursuant to Rule 32.2 of the Federal rules of Criminal Procedure, and the defendant's admission to the forfeiture allegation contained in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense.

**ORDERED:**   Defendant advised of right to appeal the sentence imposed by the Court. Any notice of appeal must be filed within fourteen (14) days. Defendant advised of right to appeal in forma pauperis.

**ORDERED:**   Government's Motion to Dismiss Indictment as to Defendant Elbert Gifford [ECF Doc. No. 1122], filed October 1, 2014, is **GRANTED.**

Order is **APPROVED BY THE COURT.**

**ORDERED:**   Defendant is **REMANDED** to the custody of the U.S. Marshal.

**10:53 a.m.**   Court in Recess - HEARING CONCLUDED.

**TOTAL TIME:  :51**